FILED
CLERK
12:29 pm, Mar 01, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
POWER UP LENDING GROUP, LTD.,

                          Plaintiff,

  -against-

NUGENE INTERNATIONAL, INC. and
ROBERT B. WHEAT,

                         Defendants.
--------------------------------------------------------X

**ORDER**
17-CV-6601 (SJF)(AKT)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of defendant Robert B. Wheat ("Wheat") to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated January 10, 2019 ("the Report"), recommending that his motion to dismiss the claim of plaintiff Power Up Lending Group, Ltd. ("plaintiff") against him pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a), be denied. For the reasons set forth below, Wheat's objections are overruled and the Report is accepted in its entirety.

I.     Discussion

    A.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. §

1

636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Moreover, "a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015) (citing cases); *see also Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." (quotations and citation omitted)); *Michalow v. East Coast Restoration & Consulting Corp.*, No. 09-cv-5475, 2018 WL 1559762, at * 6 (E.D.N.Y. Mar. 31, 2018) ("[F]or the district judge to review new evidence or

arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (quotations and citation omitted))[1].

In addition, objections that simply reiterate the original arguments, without identifying a specific error in the Report, *e.g.*, why a specific finding or conclusion is faulty or the magistrate judge erred in rejecting a specific argument, are reviewed under the clear error standard. *See, e.g. Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 336, 339 (S.D.N.Y. 2017); *E.E.O.C. v. AZ Metro Distribs., LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary[] . . . [and] [t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Wider v. Colvin*, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017) (quotations and citations omitted).

---

[1] Although the Court may have discretion to consider arguments not previously or properly presented to the magistrate judge in connection with a report and recommendation, *see Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015), the Court declines to consider Wheat's objections to Magistrate Judge Tomlinson's reliance upon text messages which are allegedly incomplete, "confusing and mislead[ing] and . . . not authenticated," (Plf. Obj. at 8) (citations omitted), raised for the first time in his objections to the Report, because, *inter alia*, (i) he proffers no explanation for his failure to challenge the authenticity and/or admissibility of such evidence before Magistrate Judge Tomlinson in the first instance; (ii) he does not identify any intervening case or statute that has changed the state of the law with respect to the admissibility thereof; (iii) no manifest injustice will result; and (iv) issues of efficiency and fairness militate against consideration of new arguments which could have, and should have, been raised by Wheat in his reply to plaintiff's opposition to the motion to dismiss submitting such evidence, for consideration by the magistrate judge in the first instance, particularly since the Report specifically indicates that Wheat does not "appear to contest" the genuineness of the text messages, (Report at 11). *See generally Levy*, 103 F. Supp. 3d at 433-34; *Michalow*, 2018 WL 1559762, at * 6 ("Although a district judge may entertain new evidence and new arguments when reviewing a report and recommendation, doing so is disfavored absent a most compelling reason for the failure to present such evidence or arguments in the first instance." (quotations and citation omitted)).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.   Objections

Wheat essentially challenges the standard of review employed by Magistrate Judge Tomlinson in the Report, as well as her application of the "closely related" standard applied in this Circuit to determine whether a forum selection clause may be enforced against a non-signatory. Specifically, Wheat contends, *inter alia*, that Magistrate Judge Tomlinson erred in: (i) "recogniz[ing] that the closely related standard is a 'fairly strict standard,' [while] simultaneously task[ing] Plaintiff with only a 'limited burden' and rel[ying] on the Complaint's conclusory allegations combined with snippets of communications well after the Agreements were executed, which, at best, show that Wheat was attempting to save the investment and not that he controlled Nugene [International, Inc. ('Nugene')]," (Plf. Obj. at 2; *see also id.* at 6); (ii) "employ[ing] a closely related standard that is applied too broadly, should not cover Wheat and raises serious Due Process concerns[,]" (*id.* at 2; *see also id.* at 3); (iii) not "employ[ing] the 'completely derivative' analysis," (*id.* at 6), in seeking to bind Wheat, a non-signatory, to the forum selection clauses at issue; (iv) finding that Wheat is "closely related" to Nugene and the subject Agreements, that there is a "close business relationship" between Wheat and Nugene, that Wheat "was a direct and significant investor in Nugene" and that Wheat should be bound by the forum selection clause in the subject Agreements, (*id.* at 6, 10); (v) relying upon (A) the conclusory and unsupported allegations in the complaint that were purportedly rebutted and refuted by "direct, highly specific, testimonial evidence," (*id.* at 6), and (B) "inadmissible []

4

hearsay" regarding Wheat's effective control of Nugene and position as the *de facto* President and CEO of the company, (*id.*); (vi) failing to address (A) how any of the alleged conduct by Wheat in causing Nugene to breach the Agreement "makes Wheat closely related[,]" (*id.* at 7), and (B) evidence arguably rebutting or refuting plaintiff's claim that Wheat effectively controlled Nugene, (*see id.* at 9); (vii) relying upon a party's "threats of litigation . . . [to] satisfy the closely related standard," (*id.*); and (viii) finding that "Wheat's position as an officer of RBW, Inc., a Nugene debtholder, . . . place[s] him in a 'close business relationship' with Nugene," absent evidence "that Wheat's and Nugene's business operations are essentially intertwined." (*Id.* at 11).

Upon *de novo* review of the Report, all motion papers and the entire record, and consideration of Wheat's objections to the Report, and plaintiff's response thereto, the objections are overruled and the Report is accepted in its entirety. Magistrate Judge Tomlinson correctly found, *inter alia*, that plaintiff made a prima facie showing that personal jurisdiction exists sufficient to defeat Wheat's motion to dismiss by "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over [Wheat]," *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81-82 (2d Cir. 2018) (first brackets in original) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)), particularly since plaintiff submits some evidence in support of the allegations in the complaint. Although "[e]ventually personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial[,]" *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79 (2d Cir. 1993), where, as here, the issue is addressed on the pleadings and competing affidavits, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting

5

presentation by the moving party." *Id.* at 79-80; *see also Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) ("Where the jurisdictional issue is in dispute, the plaintiff's averment of jurisdictional facts will normally be met in one of three ways: (1) by a Rule 12(b)(2) motion, which assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency, (2) by a Rule 56 motion, which asserts that there are undisputed facts demonstrating the absence of jurisdiction, or (3) by a request for an adjudication of disputed jurisdictional facts, either at a hearing on the issue of jurisdiction or in the course of trial on the merits. If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegations, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990))).

Magistrate Judge Tomlinson also properly applied the "closely related" standard utilized in this Circuit to determine the enforceability of forum selection clauses to non-signatories, *see generally Magi XXI, Inc. v. Stato della Città del Vaticano a/k/a The Holy See*, 714 F.3d 714, 722-23 (2d Cir. 2013)[2], and found, in essence, that plaintiff's averment of facts regarding the conduct of Wheat and his relationship with Nugene, if credited by the finder of facts, provide a sufficient basis for this Court to conclude that Wheat was so closely related to Nugene and the subject Agreements that plaintiff may enforce the forum selection clause in the subject

---

[2] Although the Second Circuit expressly declined to "reach the question of when a signatory[,]" such as plaintiff, "may enforce a forum selection clause against a non-signatory[,]" such as Wheat, *Magi XXI*, 714 F.3d at 723, n. 10, several district courts in this Circuit have extended the "closely related" standard to such cases. *See, e.g. Prospect Funding Holdings LLC v. Vinson*, 256 F. Supp. 3d 318, 324 (S.D.N.Y. 2017) (collecting cases); *Philippe NYC I LLC v. Philippe W. Coast, LLC*, No. 14-cv-9858, 2016 WL 1183669, at * 8 (S.D.N.Y. Mar. 24, 2016). Other Circuits have also enforced a forum selection clause against a non-signatory that is closely related to a signatory, *see, e.g. Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001), and the Second Circuit even cited to one of those cases, *Hugel*, in *Magi XXI*, 714 F.3d at 723.

Agreements against him and, thus, would suffice to establish personal jurisdiction over him. *See, e.g. Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 523 (S.D.N.Y. 2018); *Prospect Funding*, 256 F. Supp. 3d at 324-25.[3]

Wheat also contends, *inter alia*, that Magistrate Judge Tomlinson overlooked the third requirement for determining enforceability of a forum selection clause, *i.e.*, "that the claims and parties involved in the suit are subject to the forum selection clause[,]" since the clause at issue "is limited to 'transactions contemplated by this Agreement' . . . and is not broad enough to include a tortious interference claim." (Plf. Obj. at 3-4; *see also Id.* at 4, n. 2). Contrary to Wheat's contention, the Report expressly recognizes that requirement, (Report at 16), and notes that Wheat did not argue in his original motion papers, *inter alia*, that that criteria is not met in this case. (*Id.* at 16, n. 6). Since Wheat did not raise that contention in his initial memorandum of law in support of his motion to dismiss, Magistrate Judge Tomlinson did not "overlook" it.[4] In any event, Wheat's contention is without merit, as plaintiff has made a prima facie showing that its tortious interference claim against Wheat is subject to the forum selection clause in the Agreements. *See BMW of North America LLC v. M/V Courage*, 254 F. Supp. 3d 591, 597 (S.D.N.Y. 2017) ("[C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."

---

[3] Since plaintiff has met its burden of making a prima facie showing that Wheat is closely related enough to the contractual relationships at issue based upon his "vertical" relationship with Nugene, (*see* Report at 19), such that he is bound by the forum selection clause in the subject Agreements, the exercise of personal jurisdiction over him in this case is consistent with federal due process requirements. *See, e.g. Infinity Consulting Grp., LLC v. Am. Cybersystems, Inc.*, No. 09-cv-1744, 2010 WL 2267470, at * 2 (E.D.N.Y. May 30, 2010).

[4] Although Wheat raised that argument in his reply brief on the motion to dismiss, courts "ordinarily do not consider issues raised for the first time in a reply brief." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *In re Dobbs*, 227 F. App'x 63, 64 (2d Cir. June 29, 2007) (summary order) ("[I]t was entirely proper for the District Court to decline to consider [an] argument[] raised for the first time in [a] reply brief.") Accordingly, Magistrate Judge Tomlinson's failure to address that contention was not improper.

(quoting *Magi XXI*, 714 F.3d at 724-25)); *e.g. GlaxoSmithKline LLC v. Laclede, Inc.*, No. 18-cv-4945, 2019 WL 293329, at * 4 (S.D.N.Y. Jan. 23, 2019); *Renaissance Nutrition, Inc. v. Burkard*, No. 12-cv-691A, 2013 WL 1855767, at * 6-7 (W.D.N.Y. Apr. 11, 2013), *report and recommendation adopted by* 2013 WL 1855785 (W.D.N.Y. Apr. 30, 2013).

In addition, Wheat contends that Magistrate Judge Tomlinson erred in failing to address one of the cases upon which he relied in support of his motion to dismiss, *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244 (E.D.N.Y. 2013), and relying on another case, *Metro-Goldwyn-Mayer Studios Inc. v. Canal & Distribution S.A.S.*, No. 07-cv-2918, 2010 WL 537583 (S.D.N.Y. Feb. 9, 2010), which he claims is distinguishable. Contrary to Wheat's contention, Magistrate Judge Tomlinson did not err in failing to explicitly address the *Leviton* case. Wheat cited *Leviton* generally for the criteria needed to enforce a forum selection clause and for the "closely related" standard, (Wheat Mem. at 8-9)[5]; and also relied upon so much of that case as found that a forum selection clause was not enforceable as against the signatories' outside counsel who provided an opinion letter pursuant to the underlying agreement, *Leviton*, 942 F. Supp. 2d at 258-59, as support for his contention that his relationship with Nugene was too attenuated to bind him to the forum selection clause in the subject Agreements. (Report at 11-12). However, since Magistrate Judge Tomlinson correctly found, *inter alia*, that plaintiff's averment of facts regarding the conduct of Wheat and his relationship with Nugene, if credited by the finder of facts, would support a finding of a "vertical" relationship, *i.e.*, a relationship involving ownership and/or control of a company, she properly relied upon *Metro-Goldwyn-Mayer*, a case also involving a

---

[5] Wheat does not contend that the Report incorrectly states the relevant criteria for enforcing a forum selection clause or the "closely related" standard. Rather he objects to Magistrate Judge Tomlinson's alleged failure to apply the third criteria and to her application of the "closely related" standard. As set forth above, the Court finds: (i) that Magistrate Judge did not err in failing to address a contention not raised by Wheat in its initial memorandum of law in support of its motion to dismiss and correctly applied the "closely related" standard at this stage of the proceedings; and (2) that, in any event, plaintiff has made a prima facie showing that its tortious interference claim against Wheat is subject to the forum selection clause in the subject Agreements.

8

vertical relationship, in her analysis. Indeed, like *Metro-Goldwyn-Mayer,* cases in which courts have found non-signatories to be closely related enough to a signatory to be bound by a forum selection clause generally involve vertical relationships. *Cf. Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 524 (citing cases). Since the relationship at issue in *Leviton* was not a vertical relationship, and was far more attenuated, that case is inapposite.

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Tomlinson to which no specific objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, Wheat's motion to dismiss plaintiff's claims against him pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a), is denied in its entirety.

II.     Conclusion

For the reasons set forth above, Wheat's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, Wheat's motion to dismiss plaintiff's claims against him pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a), is denied in its entirety. In light of this determination, the stay of discovery previously granted by this Court is vacated; this matter is respectfully referred to Magistrate Judge Tomlinson for discovery and all pretrial matters; all discovery shall be completed by no later than September 3, 2019; and the status

conference scheduled to be held before the undersigned on March 18, 2019 is adjourned to **September 18, 2019 at 11:15 a.m.** in Courtroom 1010 at the Central Islip Courthouse.

SO ORDERED.

                                                      /s/
                                           SANDRA J. FEUERSTEIN
                                           United States District Judge

Dated:  March 1, 2019
         Central Islip, New York